UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES THOMAS MEAD, | Civil Action |
| Plaintiff, | No. 22-512 (CPO) (MJS) |
| v. | |
| METRO SOUTH NJ STATE POLICE, et al., | OPINION |
| Defendants. | |

**O'HEARN, District Judge.**

Plaintiff, a county inmate, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. Pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the Court has screened the Complaint and will dismiss it for lack of jurisdiction.

In this case, Plaintiff contends that Detective Duda and officers of the Metro South Police Department conducted an illegal search and seizure in Plaintiff's home on January 20, 2021. (ECF No. 1, at 10.) Plaintiff raises various challenges to the officers' warrant, their knock and announce procedure, and whether the officers had probable cause. (*Id*. at 10–13.) Plaintiff also alleges that the officers filed false statements to manufacture evidence and incriminate Plaintiff. (*Id*. at 11–12.) Plaintiff insists that he is "not a drug dealer, [but] a drug user." (*Id*. at 13.) Ultimately, Plaintiff was arrested for possession of multiple controlled dangerous substances. (ECF No. 1-2, at 5.)

Plaintiff filed the instant Complaint in February of 2022, alleging that Detective Duda and the other officers violated his rights under the "4th, 5th, 8th, and 14th amendments." (ECF No. 1, at 6.) In terms of relief, it appears that Plaintiff only asks for the dismissal of his criminal case. (*Id*.)

Plaintiff cannot, however, pursue the dismissal of his criminal charges in this case, as "[s]uch remedies are not available" in a civil complaint. *E.g.*, *Riley v. Tarantino*, No. 20-18864,

2022 WL 44626, at *4 (D.N.J. Jan. 5, 2022); *Roman v. Tyner*, No. 20-20344, 2021 WL 1589341, at *2 (D.N.J. Apr. 23, 2021); *Slaughter v. Christie*, No. 15-8327, 2016 WL 6804877, at *2 (D.N.J. Nov. 16, 2016). When a person "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Consequently, as Plaintiff can only pursue his release through a federal habeas petition, the Court will dismiss the Complaint for lack of jurisdiction. This dismissal is without prejudice to the filing of a federal habeas petition. Additionally, as it appears that Plaintiff has now been convicted of these offenses, he may file a petition under 28 U.S.C. § 2254 after he has exhausted his state court remedies, *i.e.*, after he has fairly presented each federal ground raised in his petition to each level of the New Jersey courts, including the Supreme Court of New Jersey. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Muhammad v. Cohen*, No. 12-6836, 2013 WL 588144, at *2 (D.N.J. Feb. 13, 2013) ("The proper procedure for Petitioner is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254."). An appropriate Order follows.

Dated: September 13, 2022

                                                /s/ Christine P. O'Hearn
                                                **Christine P. O'Hearn**
                                                **United States District Judge**